IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-43 |
| vs. | |
| DAVID CODINA-RAMIREZ, | ORDER |
| Defendant. | |

This matter is before the Court on defendant David Codina-Ramirez' objection (filing 199) to the Findings and Recommendation and Order (filing 190) of the Magistrate Judge, recommending that the defendant's Motion to Suppress (filing 159) be denied. The Court has conducted a de novo review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law, as stated on the record. *See* filing 195 at 71-80. The Court therefore finds the defendant's objection to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

Specifically, the Court rejects the defendant's argument that he lacked actual or apparent authority to consent to the search of the residence at which he was found. Filing 200 at 3-4. The defendant testified—and law enforcement said he informed them—that he was living at the residence, although he had only been there for about a week. Filing 195 at 37, 52. Like the Magistrate Judge, the Court questions whether the *duration* of occupancy at a residence determines a person's *present* authority to consent to a search. *See* filing 195 at 77-78. Surely, someone who just moved into a dwelling has as much right to consent or refuse a search as someone who has lived there for years. *See United States v. Nichols*, 574 F.3d 633, 636-37 (8th Cir. 2009). Given the law enforcement testimony that the defendant had admitted living at the residence, and the defendant's exercise of privileges that would only be proper for a resident of the dwelling, the Court agrees with the Magistrate Judge that the defendant demonstrated at least apparent authority to consent to search.[1] *See, id.*; *United States v. Almeida-Perez*, 549 F.3d 1162, 1170-72 (8th Cir. 2008).

---

[1] In addition, the Court notes that if the defendant truly lacked authority to consent to the search, then his motion to suppress would be equally without merit—just for a different

With respect to the defendant's other arguments, the Court agrees with the Magistrate Judge's factual findings—in particular, the Magistrate Judge's assessment of the sequence of events and credibility of the witnesses—and will adopt those findings, which are determinative of the remaining issues. Therefore, the Court will adopt the Magistrate Judge's findings and recommendation in their entirety.

IT IS ORDERED:

1.   The Magistrate Judge's Findings and Recommendation and Order (filing 190) are adopted.

2.   The defendant's objection (filing 199) is overruled.

3.   The defendant's Motion to Suppress (filing 159) is denied.

Dated this 11th day of December, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge

---

reason. If the defendant has no interest in the dwelling, then he lacks standing to object to its search. *See, United States v. Rogers*, 661 F.3d 991, 993-995 (8th Cir. 2011); *United States v. Sweeting*, 933 F.2d 962, 964-65 (11th Cir. 1991); *see also United States v. Karo*, 468 U.S. 705, 724 (1984) (O'Connor, J., concurring).